**David P. DITRAGLIA, Appellant,**

v.

**Anna Marie ROMANO, Appellee.**

**No. 03–00–00389–CV.**

Court of Appeals of Texas,
Austin.

Nov. 30, 2000.

William H. Alberts, Mcleroy, Alberts & Benjamin, P.C., Austin, for appellee.

Mark Cohen, Austin, for appellant.

Before Justices JONES, KIDD and YEAKEL.

MACK KIDD, Justice.

David P. Ditraglia ("Ditraglia") seeks reversal of the district court's order denying his motion for modification of joint managing conservatorship as it relates to his daughter, Maya Rose Ditraglia ("Maya"). We will affirm.

## BACKGROUND

Ditraglia and Anna Marie Romano ("Romano") divorced in 1994. The original divorce decree, filed on March 1, 1994, authorized joint managing conservatorship of their two daughters, Elena Catherine Ditraglia ("Elena") and Maya. At the time of the divorce, Elena was nine years old and Maya was five years old. In addition to joint custody, possession was also split between the parents, both of whom lived in Austin, where the children attended private school. Ditraglia later moved to Wimberley. On July 1, 1998, pursuant to agreement between the parents, the district court rendered an order modifying the divorce decree. The order did not change the original conservatorship orders, but specified that "Maya Rose Ditraglia will attend Matthews Elementary School in the Austin Independent School

District beginning August 1, 1998," and provided that when both children attained high school age, they would be able to choose which high school they would attend. More precisely, "if the children specifically request a desire to attend high school in the Wimberley School District, mother will not object and in like manner, if the children express a specific desire to attend high school in the Austin Independent School District, then father will not object." Upon reaching high school age, Elena elected to attend high school in Wimberley, which necessitated a possessory change from Romano's home to Ditraglia's household.[1] Maya, by then a nine-year-old third-grader, became distressed about being separated from her sister, with whom she had a close relationship. Ditraglia filed a petition to modify the prior possession order, conservatorship duties, and child support with respect to *both* Elena and Maya. Romano did not object to the possession modification pertaining to Elena, but contested the changes as to Maya. Upon completion of the appropriate hearings, the district court modified the order as to the possession of Elena, but refused any modification as to Maya. Ditraglia appeals. Ditraglia argues that the trial court abused its discretion when it denied the motion to modify the prior possession order with respect to Maya.

## DISCUSSION

 The Texas Family Code allows the court to modify the terms and conditions of a joint managing conservatorship if:

(1)(A) the circumstances of the child or of one or both of the joint managing conservators have materially and substantially changed since the rendition of the order; or

(B) the order has become unworkable or inappropriate under the existing circumstance; and

(2) a modification of the terms and conditions of the order would be a positive improvement for and in the best interest of the child.

Tex.Fam.Code Ann. § 156.202 (West 1996). The party moving to modify the joint conservatorship order has the burden of proving that the requirements have been met. *Considine v. Considine*, 726 S.W.2d 253, 255 (Tex.App.—Austin 1987, no writ).

Upon review, the district court is given wide latitude in determining the best interest of the child and will be reversed in such cases only when it has abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982). A district court abuses its discretion only when it acts in an unreasonable or arbitrary manner, or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). This Court may not reverse for abuse of discretion merely because we disagree with a decision of the district court. *Id.* at 242.

In its amended findings of fact and conclusions of law, the district court found that: (1) there had been no material or significant change in circumstances of the children or their parents; (2) the previous order had not become unworkable or inappropriate, with respect to Maya; and (3) modification of the order would not be in Maya's best interest. *See* Tex.Fam.Code Ann. § 156.202. Ditraglia failed to meet his burden of proof as the moving party, with respect to Maya. *See Considine*, 726 S.W.2d at 255. On appeal, Ditraglia argues that the current conservatorship order pertaining to Maya has become unworkable or inappropriate and is against her best interest.

### Unworkable or Inappropriate

 The court may modify the terms and conditions of a joint managing conser-

---

1. Ditraglia had remarried, and he and his new wife were willing to have Elena live with them while she attended high school.

vatorship if the order has become unworkable or inappropriate under the existing circumstances. Tex.Fam.Code Ann. § 156.202(1)(B). An order has become unworkable or inappropriate when compliance with its terms detrimentally affects the health, education, and welfare of the child. *Bohls v. Bohls,* 188 S.W.2d 1003, 1005 (Tex.Civ.App.—Austin 1945, no writ) (modifying possession because previous order had caused child noticeable nervousness, difficulty in eating and sleeping, and inability to adequately complete school work). Courts have also ruled that changed circumstances that would injuriously affect the child's best interest or create an unstable environment for the child also may render a possession order unworkable or inappropriate. *See Brown v. Brown,* 500 S.W.2d 210, 215–16 (Tex.Civ.App.—Texarkana 1973, no writ) (changing possession because mother had mentally and physically abused her children); *see also Eason v. Eason,* 860 S.W.2d 187, 190–91 (Tex.App.—Houston [14th Dist.] 1993, no writ) (holding that child moving nine times within four years and mother's cohabitation with two men out of wedlock detrimentally affected child's welfare and justified possession modification).

Ditraglia has not asserted facts that show detriment to Maya's health, education, and welfare. Rather, he presents evidence that the previous order has become unworkable or inappropriate *for him* due to additional time and expense incurred since his move to Wimberley. Although Maya may miss Elena when they are not together, there is no evidence that those feelings have detrimentally affected her health or welfare. She is still doing well in school. She appears happy when playing with friends and is now more outgoing in class than when she began attending Matthews Elementary. Ditraglia testified in the district court that when he has possession of Maya, it is necessary for him to wake her at 5:00 a.m., and she is gone from the house for twelve to fourteen hours on weekdays due to travel between Wimberley and her school in Austin. He asserts that it is not in Maya's best interest for her to maintain such a schedule, but no evidence was presented to show that her routine has detrimentally affected her health or welfare.

■ Furthermore, Ditragila alleges that there was no evidence showing that the current order was workable; however, this is not the standard. The party seeking to modify the order has the burden to show that the present order is *unworkable. Considine,* 726 S.W.2d at 255. "Under the abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion." *Doyle v. Doyle,* 955 S.W.2d 478, 479 (Tex.App.—Austin 1997, no pet). Since Ditraglia has not presented evidence that would impeach the district court's findings, we are bound to accept those findings as true. *Berner v. Berner,* 146 S.W.2d 1017, 1020 (Tex.Civ.App.—Galveston 1941, writ dism'd).

### Positive Improvement and Best Interest of the Child

■ Even if the current order had become unworkable, any modification would also have to be a positive improvement for and in the best interest of Maya. Tex.Fam.Code Ann. § `156.202(2). A finding that an order is unworkable is not itself enough because, "[t]he best interest of the child shall always be the primary consideration of the court in determining issues of conservatorship and possession of and access to the child." Tex.Fam.Code Ann. § 153.002 (West 1996). Ditraglia argues that the current order violates public policy because it splits the two girls and is therefore not in the best interest of Maya.[2]

2. We note that Maya turned ten on October 20, 2000. When a "child is ten years of age or older, the child may, by writing filed with the court, choose the managing conservator, subject to the approval of the court." Tex. Fam.Code Ann. § 153.008 (West Supp .2000).

Courts have held that, absent clear and compelling reasons, children of the same marriage should not be separated. *See Beasley v. Beasley,* 304 S.W.2d 158, 161 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.); *O. v. P.,* 560 S.W.2d 122, 127 (Tex.Civ.App.—Fort Worth 1977, no writ). However, jurisdictions have split on this matter. In *MacDonald v. MacDonald,* the court ruled that split custody was simply one factor of many to balance when determining the best interest of the child. 821 S.W.2d 458, 463 (Tex.App.—Houston [14th Dist.] 1992, no writ). Other factors to consider include: the present and future emotional and physical needs of the child, the stability of each parent's home, and the present and future emotional and physical danger to the child. *Id.* at 461. The court of appeals reasoned that the Texas Family Code "does not require a party to show clear and compelling reasons for splitting custody nor does it require a party to prove by clear and convincing evidence that a split custody is proper," but it *does always* require the courts to consider the best interest of the child as the top priority when reviewing requests regarding conservatorship, possession, and access to the child. *Id.* at 463. We agree with this line of reasoning.

Although the sisters have a close relationship, they are separated from one another only a few days of the week. They will still have enough time together to continue their close relationship with one another. Maya is a straight-A student in her present school. Moving a child in the middle of the school year is generally not in the best interest of the child. No evidence was presented to suggest that Romano's home is an unstable environment in which to raise a child, and there was no indication that Maya would face present or future physical danger by continuing to live with her mother.

Furthermore, we note that the 1998 modified order was agreed upon by Roma-

no and Ditraglia. That order clearly stated that Maya would attend Matthews Elementary School and both girls would have the choice of which high school to attend. Apparently, both parents agreed to such an order because they believed it would be in the best interest of their children to choose for themselves where to attend high school. Inherent in such an agreement is the possibility that the girls would be separated by the time they reached high school.

Ditraglia has not presented evidence to controvert the trial court's finding that changing possession of Maya would not be a positive improvement or in her best interest. We do not find that the trial court abused its discretion in refusing to change Maya's primary residence from her mother's home to her father's home.

### CONCLUSION

Having found that the district court did not abuse its discretion in refusing to modify the order in regards to Maya, we affirm the district court's judgment.

---

Furthermore, in a non-jury trial, "when the issue of managing conservatorship is contested, on the application of a party, the court shall interview a child ten years of age or older.... Interviewing a child does not diminish the discretion of the court." *Id.* § 153.009(b) (West Supp.2000).