

# NUMBER 13-10-00279-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROLANDO ARNOLDO SALINAS,**                                    **Appellant,**

**v.**

**MARIA TERESA SALINAS,**                                        **Appellee.**

---

### On appeal from the 398th District Court
### of Hidalgo County, Texas

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Wittig[1]**
**Memorandum Opinion by Justice Wittig**

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code.  *See* TEX. GOV'T CODE ANN. § 74.003 (West 2005).

Appellant, Rolando Arnoldo Salinas, challenges the property division in the trial court's final decree of divorce. By three issues, he contends the trial court abused its discretion by: (1) awarding appellee, Maria Teresa Salinas, a reimbursement claim in the amount of $51,506.55; (2) awarding certain assignment of values to the marital property; and (3) awarding a disproportionate split of the community property to Maria. We affirm.

## I. BACKGROUND

The couple married on July 12, 1986. They had two children, one of whom was a minor still living at home at the time of the divorce. Maria was designated as a joint managing conservator of the minor. In 2002, Maria inherited $67,000. Some $51,000 of her inheritance was used to improve the couple's home or to pay unsecured invoices on the home (as found by the trial court). Rolando admitted Maria spent $50,000 of her separate property to "pay for the home." Maria also used $10,000 from her retirement account to pay off the final indebtedness of the home. At the time of the trial Maria earned approximately $2,000 per month and Rolando earned approximately $4,000 per month. Maria sought a divorce on the grounds of cruelty and insupportability. The final decree, dated February 10, 2010, stated the grounds as insupportability, although in its findings the trial court cited not only insupportability, but also cruel treatment and fault. In the trial court's belated findings, it found that Rolando used drugs during the marriage, drank excessively, and wasted community funds on alcohol and drugs. Fault in the breakup of the marriage by Rolando was cited by the trial court as one of the grounds for

2

awarding a disproportionate share of the parties' estate to Maria.   The trial court also found that Maria created the majority of the community property value by her efforts.

In its property division, the trial court awarded the following to Maria:   (1) the family home valued at $163,140; (2) household appliances valued at $4,500; (3) a 2007 GMAC Yukon; (4) a 2007 Mazda CX7; and (5) one-half of the retirements benefits in United Parcel Service.   The court awarded Rolando:   (1) the AG Edwards account in the amount of $13,226.50; (2) UPS stock valued at $6,619; (3) one-half of the retirement benefits in United Parcel Service; (4) a 1991 Jeep valued at $4,105; (5) a 2004 Bluewave C Special valued at $19,997; and (6) a 1984 Chevy Blazer.

The court apportioned the following community debts to Maria:   (1) air conditioning account, $3,721; (2) Capital One account, $6,430; (3) Bill Me Later account, $2,130.56; (4) co-step. $7,500; (5) Citibank account, $1,897.50; and (6) one half the amount due on the 2007 Mazda CX7.   The court apportioned the liability on the 2004 Bluewave to Roland in the amount of $7,209 plus one-half of the balance remaining on the 2007 Mazda CX7.   In its findings, the court awarded Maria a reimbursement claim traced to her inheritance for $51,506.55; however, the judgment did not make any direct award for reimbursement.

## II.  STANDARD OF REVIEW

We review a trial court's division of property under an abuse of discretion standard.   *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).   A trial court has wide latitude in the exercise of its discretion in dividing marital property in a divorce

3

proceeding, and that division will not be overturned on appeal unless the trial court has abused its discretion. *Id.*; *Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Dankowski v. Dankowski*, 922 S.W.2d 298, 304 (Tex. App.—Fort Worth 1996, no writ). The mere fact that a trial judge may decide a matter within its discretionary authority differently than an appellate judge is not an abuse of discretion. *Jones v. Jones*, 804 S.W.2d 623, 624 (Tex. App.—Texarkana 1991, no writ) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985)). To constitute an abuse of discretion, the trial court's division of the property must be manifestly unfair. *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980); *Vandiver v. Vandiver*, 4 S.W.3d 300, 303–04 (Tex. App.—Corpus Christi 1999, pet. denied).

The trial court shall in its divorce decree order a division of the marital estate in a manner that it deems just and right. TEX. FAM. CODE ANN. § 7.001 (West 2008). The trial court is not required to divide the marital estate equally; however, its division must be equitable. *Zieba*, 928 S.W.2d at 790. "The trial court's discretion is not unlimited, and there must be some reasonable basis for an unequal division of the property." *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.). In deciding whether a reasonable basis exists for an unequal division of the marital estate, the trial court may consider "such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the

4

nature of the property."  *Murff*, 615 S.W.2d at 699.

### III.  REIMBURSEMENT CLAIM

Rolando argues that the trial court abused its discretion by awarding Maria $51,506.55 as a reimbursement for payment of "unsecured liabilities of the community estate."  In his first two sub-issues, he argues Maria did not meet her burden that her separate property was used for payments.  We disagree.  Maria testified she inherited $67,000 in 2002 and $58,000 of her separate property was placed into a joint checking account.  She traced $51,000 to pay charges, indicated by receipts, to improve the home.  We do agree that the party claiming reimbursement for their separate estate must provide clear and convincing evidence the contribution came from the separate estate.  *Henry v. Henry*, 48 S.W.3d 468, 477 (Tex. App.—Houston [14th Dist.] 1975, writ dism'd.)  However, Rolando admitted that $50,000 was expended and that the money came from the sale of inherited property Maria received from her uncle.  While Maria did not enter the paid receipts into evidence, Rolando's admission abrogated the necessity of further proof.  *See* TEX. R. EVID. 401.

Next, Rolando contends that Maria's claim is more properly nominated as an economic contribution claim for capital improvement under former Texas Family Code, section 3.403.  Act of May 28, 2003, 78th Leg., R.S., ch. 230, § 1, 2003 TEX. GEN. LAWS 1056, 1056, repealed by Act of May 19, 2009, 81st Leg., R.S., ch. 768, § 11(3), 2009 TEX. GEN. LAWS 1950, 1953 (former section 3.403(a)) (providing that the marital estate that makes an economic contribution to property owned by another marital estate has a

5

claim for economic contribution against the benefited estate). While Rolando may or may not be technically correct, such error, if any, is harmless because the judgment of which he complains did not specifically award any reimbursement claim. TEX. R. APP. P. 44.1(a)(1). We assume the trial court considered the matter when awarding the home to Maria, and thus we will again consider the matter in issue three below. Rolando's first issue is overruled.

## IV. ASSIGNMENT OF VALUE

In his second issue, Rolando contends the trial court abused its discretion in the assignment of value to the marital property. The trial court assigned the home a value of $163,140. According to Rolando, no documentary or testimonial evidence supports the trial court's finding, but there is evidence from the appraisal district listing the home's value as $163,216. Rolando argues that even this number is incorrect because the appraisal does not take into account the additional 500 square feet that the couple added to the home. Rolando testified that, in his opinion, the house was worth $184,047 based upon the additional footage and the undervaluing of the swimming pool. Rolando went to the appraisal district the week before trial and showed a tax appraiser blueprints of the home additions. In his trial exhibit one, an unofficial work sheet shows hand-written additions to the home's values of: patio 1536, hand-written up to "9036"; garage 11,418, hand-written up to "13,278"; storage 228, hand-written up to "6325"; and swimming pool, 14,850 hand-written up to "23,500." The exhibit also shows the hand written-figure "146,807" and typed land value as $37,240. Also on page two of

6

Rolando's exhibit, the assessed value is typed in at $160,000. Rolando testified the swimming pool was adjusted from $14,000 to $23,000 because "it cost us 23,000." In his summary inventory, he listed the residence as worth $211,000. Rolando did not introduce any official appraisal district document supporting his opinion, and he was the originating source of the handwritten notes indicating the increased values listed above. The April 30, 2009 notice of appraised value in evidence listed the value of the residence as $163,216, including the last year's land value at $27,360 (*vis a vis* the $37,230 noted above).[2] The evidence was thus conflicting and inconsistent.

An abuse of discretion ordinarily does not occur when the trial court bases its decision on conflicting evidence. *See In re K.R.P.*, 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Wood v. O'Donnell*, 894 S.W.2d 555, 557 (Tex. App.—Fort Worth 1995, no writ); *D.R. v. J.A.R.*, 894 S.W.2d 91, 95 (Tex. App.—Fort Worth 1995, writ denied).

Next, Rolando argues that the $13,226.59 value of the AG Edwards account awarded to him is wrong and the value should be $12,035.21. The exhibit introduced into evidence at trial has the $13,226.59 value circled, but a close reading indicates this figure was for the previous year. As of August 28, 2009, the combined value of the account was stated as $12,035.21. However, of the latter figure, $2,696.33 was in Maria's IRA and $124.60 was in Maria's Roth individual retirement account. Thus, the claimed error of $1,191.38 is more than offset by the award to Rolando of Maria's two

---

[2] It is counter-intuitive that the land value of the home would have escalated from 2009 to 2010.

7

retirement accounts.   In any event, the error, if any, is *de minimus*.

Rolando claims the 2004 Bluewave was only worth $7,000, based upon his testimony, not the $19,997 as found by the court.   Maria testified the boat was worth $19,000 because of $9,000 worth of additions made to the boat over and above its cost of $14,000.   According to Maria, Rolando told her "he added on an additional value of almost 9000 that he added on—on something so it would be able to lower two feet or something. . . ."   Apparently the trial court adjusted the contested value between the estimates of the two interested witnesses.   As the finder of fact for the proceeding, the trial court is the exclusive judge of the credibility of the witnesses and weight to be given their testimony.   *Shear Cuts, Inc. v. Littlejohn*, 141 S.W.3d. 264, 270–71 (Tex. App.—Fort Worth 2004, no pet.); *Handley v. Handley*, 122 S.W.3d 904, 911 (Tex. App.—Corpus Christi 2003. no pet.).   There is no abuse of discretion if the trial court's decision is based on conflicting evidence.   *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).   In any event, the values of individual items "are evidentiary to the ultimate issue of whether the trial court divided the properties in a just and right manner."   *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ).

Without citation to authority, Rolando argues the trial court abused its discretion by failing to assign a value or debt to two items awarded to Maria, the 2007 GMAC Yukon, and the 2007 Mazda, awarded for the use of their daughter.   We note he does not complain the trial court awarded him a 1984 Chevy S-10 Blazer with no assigned

8

value or apparent debt. Regarding the daughter's 2007 Mazda, the indebtedness was to be divided equally. Considering every reasonable presumption in favor of the proper exercise of discretion by the trial court, we find no abuse of discretion where the only known debt was divided equally, each of the parties was awarded one additional vehicle, and the third vehicle, debt divided equally, was for the use of the daughter. *See Murff*, 615 S.W.2d at 699. Rolando's second issue is overruled.

## V. DIVISION OF THE MARITAL ESTATE

Finally, Rolando asserts the trial court abused its discretion in awarding such a disproportionate split of the community property. In his first sub-issue, he argues a disproportionate division must be justified and supported by the evidence. Secondly, the trial court erred in making the division so disproportionate. And third, the division was manifestly unjust and unfair. Rolando cites Texas Family Code, section 7.001. *See* TEX. FAM. CODE ANN. § 7.001 (West 2006) (providing that the estate of the parties is to be divided in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.) He acknowledges the trial court takes into account relevant factors such as the parties' earning capacities, education, business opportunities, physical condition, financial condition, age, size of separate estates, nature of the property, and benefits that the spouse who did not cause the breakup of the marriage would have enjoyed had the marriage continued, citing *Zorillia v. Wahid*, 83 S.W.3d 247, 252 (Tex. App.—Corpus Christi 2002, no pet.). Fault may be considered, but the division should not be used to punish the spouse at fault. *Smith v.*

9

*Smith*, 836 S.W.2d. 688, 693 (Tex. App.—Houston [1st Dist.] 1992, no writ).   Rolando notes that the divorce decree was granted on the basis of insupportability, not cruelty.

Based upon the specific findings, Maria was awarded $167,640 in value less debt of $21,679.06 or a net $145,960.94.   Rolando was awarded $43,944.50 less debt of $7,309 or $35,635.50.   These figures do not include three vehicles awarded the parties or the equal division of the retirement benefits from United Parcel Service.   In its findings, the trial court noted Maria alleged cruel treatment and pled for a disproportionate share of the community estate.   The court also found that the separate estate of Maria paid $51,506.55 toward the unsecured liabilities of the community estate, that Roland used drugs during the marriage, drank excessively, and wasted community funds on alcohol and drugs.   Maria worked toward having a home for her family, exerting time and effort in the home enhancement.   Maria used her retirement fund to pay off indebtedness on the family residence.   Maria relied on Rolando's promise that the parties would sustain themselves in the future with Rolando's retirement and that she could have benefited from the continuance of the marriage.   Maria created the majority of the community property through her efforts.   And, the court also found Maria should be awarded a disproportionate share of the parties' estate because of fault in the breakup of the marriage caused by Rolando.

In its conclusions of law, the court granted the divorce on insupportability, cruel treatment, and fault.   Maria was entitled to a disproportionate split of the community estate due to:   (1) benefits the innocent spouse derived from the continuation of the

10

marriage; (2) needs of the child of the marriage; (3) being awarded primary joint conservatorship; (4) community indebtedness and liabilities; (5) earning power, business opportunity, capacities, and abilities of the spouses; and (6) creation of community property by the efforts or lack thereof by Rolando.

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Findings of fact are the exclusive province of the trier of fact. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744-45 (Tex. 1986). A court of appeals cannot make findings of fact; it can only "unfind" facts. *Tex. Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986). Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the findings. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 629 (Tex. App.—Fort Worth 1999, no pet.).

While Rolando attacked the factual sufficiency of several of the values found by the court, his only attack upon the factors giving rise to a disproportionate division center around his drug and alcohol abuse. He does not complain of the multiple other grounds found by the court to support its disproportionate division. Such findings are therefore binding upon us unless the contrary is established as a matter of law or there is no evidence to support the findings. *McGalliard,* 722 S.W.2d at 696. With regard to his alcohol and cocaine use, Rolando admitted he had an alcohol problem and had been to

11

counseling. He admitted cocaine use years before and could not deny its presence if cocaine were found in the house. Rolando admitted using the joint account of the parties to buy cocaine. Maria testified Rolando's drinking caused both a cash flow problem to the couple and rendered Rolando physically and verbally abusive. Maria left the home because of this abusiveness, and she stated Rolando threatened her life.

Rolando argues that when a mischaracterization has more than a minimal impact upon the trial court's division, we must remand the case to the trial court for a just and right division based upon the correct characterization of the property, citing *Zeptner v. Zeptner*, 111 S.W.3d 727, 740 (Tex. App.—Fort Worth 2003, no pet.). Apparently, one of the factors considered in the court's property division was the reimbursement claim for separate funds spent by Maria, either for capital improvements or to pay reimbursements claims toward the "unsecured liabilities of the community estate" as found by the trial court. Reimbursement is an equitable doctrine, and a court of equity is bound to look at all the facts and circumstances and determine what is fair, just and equitable. *Penick v. Penick*, 783 S.W.2d 194, 197 (Tex. 1988); *Gutierrez v. Gutierrez*, 791 S.W.2d 659, 663 (Tex. App.—San Antonio 1990, no writ); *see Vallone v. Vallone*, 644 S.W.2d 455, 458-59 (Tex. 1982). A community property division may allow an unequal division so long as the division is equitable. *See Kimsey v. Kimsey*, 965 S.W.2d 690, 704 (Tex. App.—El Paso 1998, pet. denied). Or as the Houston court stated, the trial court's ultimate division need not be equal as long as it is equitable. *Zieba v. Martin,* 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 1996, no writ)

12

(op. on reh'g). The discretion to be exercised in evaluating a claim for reimbursement is equally as broad as the discretion exercised in making a just and right division of the community estate. *Penick*, 783 S.W.2d at 198.

We note Rolando argues against "mischaracterization" of the funds. However, he himself admitted that Maria used $50,000 of her separate funds. Thus, there was no mischaracterization. And, while he insists that section 3.403 of the Texas Family Code applies, the trial court's finding could well have been under either section 3.408 or the common law. *See Nelson v. Nelson*, 193 S.W.3d 624, 632 (Tex. App.—Eastland 2006, no pet.) ("Unlike [section 3.403] which defines economic contribution claims in mandatory terms, the definition of economic reimbursement in Section 3.408 is simply a non-exhaustive list of two potential reimbursement claims. Neither example is defined by the timing of the event."). The trial court, in its discretion, could either have included a non-statutory equitable reimbursement in its division of the community property or made its disproportionate award based upon equitable factors under *Murff*. *See Murff*, 615 S.W.2d at 699.

A trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. *See* TEX. FAM. CODE ANN. § 7.001. The party complaining of the trial court's division of property must demonstrate from evidence in the record that the division was so unjust that the trial court abused its discretion. *Bigelow v. Stephens*, 286 S.W.3d 619, 620 (Tex. App.—Beaumont 2009, no pet.); *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied); *see*

13

*also Murff*, 615 S.W.2d at 698. We may reverse the trial court's division of property "only if the trial court clearly abused its discretion and if the error materially affects the court's just and right division of the property." *Nelson,* 193 S.W.3d at 628. If there is any reasonable basis for doing so, we must presume that the trial court exercised its discretion properly. *Pletcher*, 9 S.W.3d at 446.

Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). They are not independent grounds of error. *Ditraglia v. Romano*, 33 S.W.3d 886, 889 (Tex. App.—Austin 2000, no pet.); *Crawford v. Hope*, 898 S.W.2d 937, 940 (Tex. App.—Amarillo 1995, writ denied). If there is any reasonable basis for doing so, we must presume that the trial court exercised its discretion properly. *Pletcher*, 9 S.W.3d at 446. We will not disturb the trial court's division unless the record demonstrates "that the division was clearly the result of an abuse of discretion." *Id.* That is, we will not reverse the case unless the record clearly shows that the trial court was acting arbitrarily or unreasonably. *See Zeptner*, 111 S.W.3d at 734.

The following findings by the trial court were not challenged by Rolando: (1) he wasted community funds; (2) Maria worked toward having a home for her family exerting time and effort in the home enhancement; (3) she used her retirement to pay off indebtedness on the home; (4) she relied on his promise that the parties would sustain themselves in the future with his retirement; (5) she could have benefited from the

14

continuance of the marriage; and (6) she created the majority of the community property through her efforts. The following conclusions of law were not challenged by Rolando: Maria was entitled to a disproportionate split of the community estate due to: (1) benefits the innocent spouse derived from the continuation of the marriage; (2) needs of the child of the marriage; (3) being awarded Primary Joint Conservatorship; (4) community indebtedness and liabilities; (5) earning power, business opportunity, capacities, and abilities of the spouses; and (6) creation of community property by the efforts or lack thereof of Rolando. The record supports these findings and conclusions.

## VI. CONCLUSION

Community property need not be equally divided. In exercising its discretion, the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974). Based upon the record, the contested and uncontested findings and conclusions of the trial court, we find that there was sufficient probative evidence from which the trial court could conclude that the disproportionate division of the community estate was just and right, and we cannot say, as appellant suggests, that the record before us demonstrates that the trial court's division of the community estate was manifestly unjust or unfair. *See Murff*, 615 S.W.2d at 698–99; *Barnard*, 133 S.W.3d at 787; *see also O'Carolan*, 71 S.W.3d at 533 n.4; *Smith*, 22 S.W.3d at 143.

15

The judgment of the trial court is affirmed.


                                                    DON WITTIG,
                                                    Justice


Delivered and filed the
30th day of August, 2011.

16