# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-02-00762-CV

---

**Mindy L. Coleman, Appellant**

**v.**

**James Ray Coleman, Appellee**

---

**FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
NO. 12,084, HONORABLE DON B. MORGAN, JUDGE PRESIDING**

---

## O P I N I O N

This is a contested fault divorce case which includes the conservatorship of two children. Following a bench trial, the trial court granted James Ray Coleman a divorce, determined custody, and divided the property. The final orders grant joint managing conservatorship over the children to both Mindy and James Coleman. The orders also separate the children's primary residence—the son's primary residence being established by Mindy Coleman and the daughter's primary residence established by James Coleman. By two issues, Mindy Coleman appeals the orders, claiming that the trial court abused its discretion by (1) appointing joint managing conservators and (2) by separating the children. We hold that the district court did not abuse its discretion in granting joint managing conservatorship. However, we find that the district court abused its discretion by its failure to articulate clear and compelling reasons for separating the

children. We reverse and remand the cause to the trial court so that it can articulate its rationale for separating the children, based on the record in this cause, or absent clear and compelling reasons for doing so, for a redetermination of the primary residences of the children based on the standards set forth in this opinion.

## FACTUAL BACKGROUND

James Ray Coleman filed for divorce from Mindy Coleman on March 14, 2002, in Lee County. Mrs. Coleman objected to the proceedings on jurisdictional grounds, alleging Mr. Coleman had not resided in Lee County for the requisite ninety days. A hearing on temporary orders was held on March 24. The district court found that jurisdiction was proper and issued temporary orders naming the parents as joint managing conservators of their two children. Mr. Coleman was named the primary managing conservator of the daughter and Mrs. Coleman was named the primary managing conservator of the son. The case proceeded to a bench trial. After hearing testimony, the district court granted the divorce and determined that the separation of the children would continue, issuing permanent orders consistent with the temporary orders. Subsequent to this judgment, Mrs. Coleman objected to the separation of the children and requested findings of fact and conclusions of law as to why the children were being separated. No findings have been forthcoming from the district court. Mrs. Coleman appeals from this judgment.

## DISCUSSION

In determining issues of conservatorship and possession of a child, the primary consideration of the court is the best interest of the child. *See* Tex. Fam. Code Ann. § 153.002 (West

2002). The district court is given wide latitude in determining the best interests of the children and will be reversed only for abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A district court abuses its discretion only when it has acted in an unreasonable or arbitrary manner, or when it acts without reference to any guiding principle. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We may not reverse for abuse of discretion merely because we disagree with a decision of the district court. *Id.* at 242.

In her first issue, Mrs. Coleman claims that the district court abused its discretion by appointing the parents as joint managing conservators of the two children because, at trial, Mr. Coleman allegedly admitted to sexually abusing Mrs. Coleman. She bases this claim on section 153.004(b) of the Texas Family Code, which reads, in pertinent part:

> The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern . . . of physical or sexual abuse by one parent directed against the other parent . . . .

Tex. Fam. Code Ann. § 153.004(b) (West 2002).

Mrs. Coleman does not cite us to the location in the record where Mr. Coleman admits to sexually abusing her. In carefully examining the record, the only testimony we can find that would relate to sexual abuse is the following exchange between Mrs. Coleman's attorney and Mr. Coleman during cross-examination:

Q. Did you ever violate her with a flashlight?

A. During the course of some sexual activities, we have used other items.

Q. Who has used other items Mr. Coleman, you or Mindy?

3

A. Both.

Shortly after this exchange, the trial court cut off this line of questioning. Mrs. Coleman claims that this was an admission of sexual abuse by Mr. Coleman and as such the trial court was required to find that it was not in the best interest of the children to appoint Mr. Coleman as a joint conservator.

The district court is the sole judge of the weight and credibility of the evidence. The district court obviously did not find that the testimony regarding the parties' sexual activities amounted to a history or pattern of physical or sexual abuse by Mr. Coleman. Because the district court obviously did not find the testimony to be credible evidence of a history of sexual abuse, it was not bound by section 153.004(b).

In Texas, there is a rebuttable presumption that the appointment of parents as joint managing conservators is in the best interest of the child. *Id.* § 153.131(b) (West 2002); *Martinez v. Molinar*, 953 S.W.2d 399, 402 (Tex. App.—El Paso 1997, no writ). Moreover, the matter of determining who should be appointed managing conservator is left to the sound discretion of the trial court. *Id.* at 403; *Altamirano v. Altamirano*, 591 S.W.2d 336, 338 (Tex. Civ. App.—Corpus Christi 1979, no writ) (citing *Herrera v. Herrera*, 409 S.W.2d 395 (Tex. 1966)). The trial court is in a better position to determine what will be in the best interest of the children since it faced the parties and their witnesses, observed their demeanor, and had the opportunity to evaluate the claims made by each parent. *Martinez*, 953 S.W.2d at 403. Its judgment will not be disturbed on appeal unless there has been a clear abuse of discretion. Mrs. Coleman's only argument on appeal was that the district court abused its discretion in appointing the parents as joint managing conservators because of alleged sexual abuse by Mr. Coleman. However, the only evidence in the record did not amount to

4

an admission of sexual abuse, much less a history. Given the rebuttable presumption, we cannot say it was an abuse of discretion for the district court to appoint both parents joint managing conservators. Therefore, we overrule Mrs. Coleman's first issue.

In her second issue, Mrs. Coleman claims that the district court abused its discretion by dividing custody of the children absent clear and compelling reasons. For the reasons that follow, we agree. The paramount concern in determining custody is the welfare and best interest of the child. *See* Tex. Fam. Code Ann. § 153.002. In determining best interests, courts have great discretion and on review we ask only whether the court acted arbitrarily, unreasonably, or without reference to any guiding principles. *Downer*, 701 S.W.2d at 241-42.

There is a long line of jurisprudence in Texas supporting a preference that two or more children of a marriage should not be divided absent clear and compelling reasons. *See Zuniga v. Zuniga*, 664 S.W.2d 810, 812 (Tex. App.—Corpus Christi 1984, no writ); *O. v. P.*, 560 S.W.2d 122, 127 (Tex. Civ. App.—Fort Worth 1977, no writ); *Ex parte Simpkins*, 468 S.W.2d 908, 909 (Tex. Civ. App.—Amarillo 1971, no writ); *Griffith v. Griffith*, 462 S.W.2d 328, 330 (Tex. Civ. App.—Tyler 1970, no writ); *Huffman v. Huffman*, 408 S.W.2d 248, 250 (Tex. Civ. App.—Amarillo 1966, no writ); *Meyer v. Meyer*, 361 S.W.2d 935, 940 (Tex. Civ. App.—Austin 1962, writ dism'd); *Autry v. Autry*, 350 S.W.2d 233, 236 (Tex. Civ. App.—El Paso 1961, writ dism'd); *De Gaish v. Marriott*, 345 S.W.2d 585, 587 (Tex. Civ. App.—San Antonio 1961, no writ); *Beasley v. Beasley*, 304 S.W.2d 158, 161 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.); *Beadles v. Beadles*, 251 S.W.2d 178, 180 (Tex. Civ. App.—Texarkana 1952, no writ); *cf. Ditraglia v. Romano*, 33 S.W.3d

886, 890 (Tex. App.—Austin 2000, no pet.).[1] Consistent with this jurisprudence, the legislature articulated Texas' preference that children be kept together in the family code. *See* Tex. Fam. Code Ann. § 153.251(c) (West 2002) ("It is preferable for all children in a family to be together during periods of possession.").

The Colemans have two children under the age of seven. The permanent orders have the effect of allowing the children to be together for only short periods of time. Mr. Coleman lives in Texas, while Mrs. Coleman lives in Louisiana. Subsequent to the issuance of the permanent orders, a request for findings of fact and conclusions of law articulating the "clear and compelling reasons" for the separation of the children was made by Mrs. Coleman to the district court but went

---

[1] In *Ditraglia v. Romano*, 33 S.W.3d 886, 890 (Tex. App.—Austin 2000, no pet.), we acknowledged that, absent clear and compelling reasons, children of the same marriage should not be separated. However, we refused to require a party to show clear and compelling reasons for splitting custody, requiring a court only to consider split custody as one factor in determining the best interests of the children, relying on *MacDonald v. MacDonald*, 821 S.W.2d 458 (Tex. App.—Houston [14th Dist.] 1992, no writ). *MacDonald* held that the family code does not require a party to show clear and compelling reasons for splitting custody or prove by clear and convincing evidence that split custody is proper. The court goes on to say that only the best interest of the child is considered in determining conservatorship. *Id.* at 463. Other factors to consider include: the present and future emotional and physical needs of the children, the stability of each parent's home, and the present and future emotional and physical danger to the children. *Id.* We refused to find that the district court had abused its discretion in *Ditraglia* because the modified order at issue separated the children for only a short period per week. *Ditraglia*, 33 S.W.3d at 890. Furthermore, without the separation, we would have been required to uproot one child, a nine-year old, from her established primary residence, because her high-school age sister had chosen, consistent with what had been agreed to by the parties in the original divorce agreement, to move in with her father in order to attend a different school district. *Id.* at 887-88, 890. It is also worth noting that both *MacDonald* and *Ditraglia* involved *modification* of conservatorship involving older children. In both cases, the older child chose to live with the father several years after the divorce. The court was faced only with the need to decide custody of one child—the younger sibling of the child who chose to change her residence. The case at bar involves two very small children of the same marriage being separated pursuant to the original divorce decree.

unanswered. There are no obvious guiding principles that the district court may have used in ordering the permanent separation of the children. Mr. Coleman's argument regarding the district court's orders effectively encompasses a single sentence: "The district court did not abuse its discretion." He points us to no circumstances in this case which would support the district court's decision. Neither does he cite to any case law.

We hold that the district court abused its discretion in ordering the separation of the children without articulating a clear basis for doing so. The best interest of the children is always the "top priority" when determining conservatorship, possession, and access. *Ditraglia*, 33 S.W.3d at 890. However, the legislature expressed Texas' policy to keep children of the same marriage together. *See* Tex. Fam. Code Ann. § 153.251(c). The age of the children, the location of the parents, the present and future emotional and physical needs of the children, the stability of each parent's home, and the present and future emotional and physical danger to the children are factors to be considered in determining conservatorship, possession, and access. On remand, the district court must articulate clear and compelling reasons for separating the children, based on the record in this case, or redetermine the primary residences of the children based on their best interests, consistent with the holding in this opinion.

**CONCLUSION**

The district court did not abuse its discretion in ordering that the parents be joint managing conservators of the children. The district court did, however, abuse its discretion by separating the children's primary residence absent any clear guiding principle. We reverse the

7

residence provisions of the decree and remand the cause to the district court for a redetermination of the primary residence of the children in accordance with the standards set forth in this opinion.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: May 30, 2003