Affirmed and Memorandum Opinion filed December 23, 2003









Affirmed and Memorandum Opinion filed December 23,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00061-CV

____________

 

DONNA LOWTH, Appellant

 

V.

 

DANIEL LOWTH, Appellee

 



 

On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 01FD0496

 



 

M E M O R A N D U M  
O P I N I O N

This is an appeal from the trial court=s order regarding the conservatorship of a minor child, C.W.L.  After a bench trial, the trial court
appointed both parents joint managing conservators and gave the father the
exclusive right to establish the child=s primary domicile and the
right to make educational decisions on behalf of the child.  The mother now appeals the trial court=s judgment.  We affirm.

Factual Background

Donna Lowth and Daniel Lowth were married in 1993, and C.W.L. was born on 








March 31, 1996. 
Daniel filed for divorce in February 2001 requesting the court to
appoint both parents joint managing conservators of C.W.L.  Donna filed a counter-petition for divorce in
March 2001 asking the court to appoint her sole managing conservator.  Approximately two days after Daniel filed for
divorce, Donna reported an alleged incident of physical abuse by Daniel, which
she claimed occurred two days earlier. 
As a result, a Galveston County assistant district attorney applied for
and was granted an ex parte protective order.  After hearing evidence presented by both
parties, the associate judge dissolved the protective order on March 27, 2001,
and the presiding judge adopted the associate judge=s ruling on June 4, 2001.  

The case proceeded to trial before the court in September
2002.  The trial court ultimately
concluded it would be in the best interest of the child to appoint both parents
joint managing conservators, but granted appellee the
exclusive rights to determine the child=s primary residence and make
educational decisions on his behalf (Athe exclusive rights@).  Upon appellant=s request, the trial court
entered findings of fact and conclusions of law in support of its order.  Appellant challenges the following findings:

7.       The Court finds that it is in the [c]hild=s best interest that Daniel S. Lowth and Donna Lowth be
appointed Joint Managing Conservators of the minor child.

8.       The Court finds that it is in the child=s best interest that child=s primary domicile be established by
Daniel Lowth.

9.       The Court finds that it is in the child=s best interest that Daniel S. Lowth be named the parent . . . to make educational
decisions.

10.     The Court finds that it is in the child=s best interest that in the event that
Donna Lowth moves a distance of greater than 100
miles from Galveston that Daniel S. Lowth shall retain
the right to make all medical decisions.

12.     The Court finds that it is in the child=s best interest that all other rights
and duties enumerated in the Family Code are to be shared by the parties.








16.     The Court finds that it is in the child=s best interest and based upon the
individual circumstances of the parties that in the event that Donna Lowth moves to a place other than Galveston she shall bear
the cost of travel.  

Appellant contends the trial court erred in appointing appellee joint managing conservator with the exclusive
rights.  Appellant also contends the
trial court erred by disregarding evidence of alleged violence committed by appellee in contravention of the guidelines and
prohibitions provided in the Family Code. 
Appellant claims the trial court=s actions were an abuse of
discretion, error as a matter of law, and that the court=s findings of fact were not
supported by legally or factually sufficient evidence.    

I. Trial Court=s
Findings of Fact

We
first address appellant=s challenge to the trial court=s findings of fact.  Appellant claims the evidence is legally and
factually insufficient to support the findings made by the trial court.  When reviewing the trial court=s findings of fact, the
findings have the same weight as a jury=s verdict.  In re P.M.B., 2 S.W.3d 618, 621 (Tex.
App.CHouston [14th Dist.] 1999, no
pet.); In re K.R.P., 80 S.W.3d 669, 673 (Tex. App.CHouston [1st Dist.] 2002, no
pet.).  If findings are not challenged,
they are binding on the parties and this court. 
In re K.R.P., 80 S.W.3d at 673.  When challenged, however, findings are not
conclusive if there is a complete reporter=s record, in which case, the
findings are conclusive only if supported by the evidence.  Id. 
The trial court=s fact findings are reviewed
for legal and factual sufficiency of the evidence under the same standards
applied when reviewing evidence supporting jury findings.  Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).   








When
reviewing legal sufficiency, we consider all the evidence in the light most
favorable to the party in whose favor the verdict was rendered, and every
reasonable inference deducible from the evidence is to be indulged in that
party=s favor.  Formosa Plastics Corp.
v. Presidio Eng=rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex.
1998).  In order to find the
evidence factually insufficient to support a finding of fact, it must be so
weak or the evidence to the contrary so overwhelming as to be manifestly wrong
and unjust.  Dyson v. Olin Corp.,
692 S.W.2d 456, 457 (Tex. 1985);  In re Z.B.P., 109 S.W.3d
772, 777 (Tex. App.CFort Worth 2003, no pet.).  When examining a factual sufficiency
challenge, we must consider all the evidence that both supports and controverts
the finding.  Dyson, 692 S.W.2d at 457; In re Z.B.P., 109 S.W.3d at 777.      

At
trial, Daniel testified he was heavily involved in  C.W.L.=s upbringing.  From the time C.W.L. was a few months old
until he and Donna separated, Daniel would care for the child for extended
periods of time while Donna traveled for work. 
Many times, Daniel would keep the child for two weeks out of a month
while Donna was absent.  Daniel also
testified that he had been employed by the Galveston Fire Department for over
twelve years as a firefighter. 
Additionally, Daniel is a long-term resident of the Galveston area with
many relatives that live in the area who are heavily involved in C.W.L.=s life.  These relatives are also able to provide
support for Daniel in caring for C.W.L. 

The
court also heard testimony from several witnesses who confirmed appellee=s good relationship with
C.W.L.  These witnesses included appellee=s mother and niece, a
co-worker, a neighbor of appellee=s mother, and a mother of a
child whose son played on a t-ball team coached by Daniel.  Further, Daniel testified he believed Donna
had a lot to offer C.W.L. and that he Awould allow undeniable access,
total access to him anytime . . . .@

Donna,
on the other hand, testified that Daniel was a violent and abusive husband  and addicted
to marijuana.  She claimed Daniel
physically abused and threatened her several times, and he attempted suicide on
one occasion.  This suicide attempt was
the first time Donna notified the police. 
The second time occurred approximately two days after Daniel filed the
petition for divorce.  On this occasion,
Donna claimed Daniel charged her and knocked her over Alike a football tackle.@  Donna testified she should be appointed sole
managing conservator because she could provide a safer and more stable
environment for C.W.L.  

Donna
changed jobs after the parties separated, and her new job requires less travel.
This new job allows her to maintain a flexible schedule in order to participate
in some of C.W.L.=s after-school activities.  There was also some testimony that if Donna
had the opportunity to accept a better-paying job in another city, she would
move with C.W.L. because A[she] can provide the best for
him.@  








Donna
called two witnesses in support of her contentions, Dr. Ted Jolly and Peggy
Gallagher.  Dr. Jolly is a psychologist
and family therapist who provided family counseling to the parties in an effort
to reconcile their marriage.  Dr. Jolly
testified as to both parties= claims of violence against the
other and that he had witnessed Daniel looming over Donna in a threatening
manner during a counseling session.  Dr.
Jolly was also counseling the parties during the alleged attempted suicide and
he testified Daniel called him once or twice during the episode.  He advised the police to take Daniel to a
mental hospital for an evaluation.  There
was conflicting testimony about how many times Dr. Jolly treated Daniel after
this incident.  Dr. Jolly believed he had
seen him possibly once or twice, while Daniel testified that he never
returned.  Nevertheless, Dr. Jolly had
not treated Daniel for more than two years prior to the date of trial.  

Peggy
Gallagher is a friend of Donna=s who lives with her and helps
care for C.W.L.  She testified regarding
the relationship between Donna and C.W.L. and Donna=s abilities to care for the
child.  Peggy also testified that when
C.W.L. returned from staying with his father, he was angry and not the usual
well-behaved child.   

In
considering the legal sufficiency challenge, we find there is more than a
scintilla of evidence to support the trial court=s findings that the best
interest of the child is served by appointing appellee
joint managing conservator with the exclusive rights.  Therefore, we overrule appellant=s legal sufficiency
challenge.  

With
regard to the factual sufficiency challenge, we cannot say the evidence
supporting the findings is so weak as to be manifestly wrong and unjust.  There is ample evidence to support the trial
court=s decision appointing both
parents joint managing conservators and giving appellee
the exclusive rights.  Therefore,
appellant=s factual sufficiency challenge
is overruled. 

II. 
Abuse of Discretion








In
her second point of error, appellant claims the trial court abused its
discretion in naming appellee joint managing
conservator with the exclusive rights. 
We review a trial court=s decision regarding custody,
control, and possession of a child under an abuse of discretion standard.  Burkhart v. Burkhart, 960 S.W.2d 321,
323 (Tex. App.CHouston [1st Dist.] 1997, writ
denied).  The judgment will be reversed
only when it appears from the record as a whole that the trial court abused its
discretion.  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  A trial court abuses its discretion when it
acts in an unreasonable or arbitrary manner, or when it acts without reference
to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985).  There is generally, however, no abuse of
discretion when there is some evidence to support the trial court=s decision; thus, a trial court
abuses its discretion when it could reasonably have reached only one
decision.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992); In re
K.R.P., 80 S.W.3d 669, 674 (Tex. App.CHouston [1st Dist.] 2002, no
pet.).  Under an abuse of discretion
review, legal and factual insufficiencies are not independent grounds for
asserting error, but are relevant factors to consider when determining whether
the trial court abused its discretion.  In re J.E.P., 49 S.W.3d 380, 386 (Tex. App.CFort Worth 2000, no pet).    

A
trial court=s primary consideration in any conservatorship case shall always be the best interest of
the child.  Tex. Fam. Code Ann. ' 153.002 (Vernon 2002); Pena
v. Pena, 986 S.W.2d 696, 698 (Tex. App.CCorpus Christi 1998, pet.
denied).   The trial court is in the best
position to determine what is in the best interest of the child because it has
the opportunity to view the parties and their witnesses, observe their
demeanor, and evaluate the claims made by each parent.  Coleman v. Coleman, 109 S.W.3d 108,
111 (Tex. App.CAustin 2003, no pet.).  Indeed, the trial court is the sole judge of
the weight and credibility of the evidence. 
Id.  After reviewing all
the evidence presented in this case, we hold there is sufficient competent
evidence to support the trial court=s decision that the best
interest of the child would be served by appointing appellee
joint managing conservator with the exclusive rights.  See Gillespie, 644
S.W.2d at 451.  Upon consideration
of the entire record, we cannot say the trial court abused its discretion.  Appellant=s second point of error is
overruled.

III.  Error as a Matter of Law








Appellant
also alleges the evidence conclusively proves that appointing Daniel joint
managing conservator was not in C.W.L.=s best interest.  In support of her contention, Donna relies on
the evidence previously discussed and, in particular, on a portion of the court=s judgment that requires Daniel
to attend anger management therapy and to submit to a substance abuse
assessment.  The trial court also made
specific findings that the child=s best interest was served by
requiring Daniel to attend anger management therapy and submit to drug abuse
testing.  Donna argues this conclusively
proves appointing Daniel joint managing conservator with exclusive right to
determine the child=s primary residence and to make
educational decisions was not in C.W.L.=s best interest.  

We
have held there was sufficient competent evidence supporting the trial court=s determination that the best
interest of the child would be served by appointing his father joint managing
conservator with the exclusive rights and that the trial court=s decision was not an abuse of
discretion.  Thus, the trial court=s judgment on those issues will
not be disturbed.  We overrule appellant=s claim that the evidence established,
as a matter of law, that appointing Daniel joint managing conservator was not
in C.W.L.=s best interest.      

IV. 
Allegations of Family Violence 

Finally,
appellant argues that because she presented uncontroverted
testimony of physical abuse by appellee against her
during the marriage, the Family Code prohibits the trial court from creating a
joint managing conservatorship.  








The
trial court is given wide latitude in determining custody issues.  Gillespie, 644
S.W.2d at 451.  The Family Code,
however, places certain restrictions on the trial court=s discretion when there are
allegations of abuse.  Tex. Fam. Code Ann. ' 153.004 (Vernon 2002).  Section 153.004 of the Family Code requires
the trial court to consider evidence of Athe intentional use of abusive
physical force by a party against the party=s spouse@ and further provides that the
trial court may not appoint joint managing conservators if credible evidence is
presented of a history and pattern of past or present physical abuse by one
parent directed against the other parent. 
Id.  It is the trial court=s job to determine whether such
credible evidence was presented.  Coleman,
109 S.W.3d at 111. 
When the parties testify to different versions of the same encounter,
the trial court is the sole judge of the weight and credibility of the
evidence.  Id.         Donna asserts that a history and pattern
of abuse was established by her Aundisputed@ testimony and the testimony of
Dr. Jolly.  Donna claims she was abused
on twelve to fifteen occasions, and even though she has not experienced any Aphysically intimidating
encounters@ with Daniel since they
separated, she is still afraid that he is going to be violent towards her.  These claims, however, were not undisputed as
Donna alleges.  Daniel specifically
denied each allegation of abuse when asked by Donna=s counsel.  Additionally, Daniel testified that Donna was
also violent toward him.  

Dr.
Jolly=s testimony consisted primarily
of accounts of violence allegedly committed by both parties against each
other.  He also testified that during one
of the counseling sessions, he was afraid Daniel would become violent because
Daniel was looming over Donna in a threatening way.  Dr. Jolly was ready to call 9-1-1 if Daniel
did, in fact, become violent.  He
testified that Daniel did not necessarily deny Donna=s allegations of violence, but
that Daniel always responded that she was not telling the facts correctly and
then he would make accusations toward Donna. 
Dr. Jolly recommended during counseling that Daniel seek anger
management therapy and if Daniel had not sought such treatment since his
recommendation, Daniel still needed to seek help.   

There
is nothing in the record to demonstrate the trial court did not consider the
evidence presented by Donna relating to Daniel=s alleged abuse.  Indeed, the trial court did not place any
restrictions on the admission of such testimony.  In this case, since the evidence was conflicting,
nothing in the record undisputedly shows a history or pattern of violence.  See Burns v. Burns, 116 S.W.3d 916,
920 (Tex. App.CDallas 2003, no pet. h.); In
re A.B.B., 785 S.W.2d 828, 834 (Tex. App.CAmarillo 1990, no pet.).  The trial court is the exclusive judge of the
weight and credibility of the evidence.  Coleman,
109 S.W.3d at 111. 
The trial court reasonably could have found the evidence presented was
not of such weight and credibility to prove appellant=s contentions regarding
physically abusive behavior by appellee.  








Donna
also alleges that because the trial court ordered Daniel to attend anger
management therapy and submit to drug testing, the trial court must have
determined credible evidence was presented of a history and pattern of physical
abuse.  We disagree.  Even if we assume the trial court found
Daniel had an anger problem, that does not necessarily
establish that he was also physically abusive. 
Moreover, even if we accept Dr. Jolly=s interpretation of the
incident as true, the behavior witnessed by Dr. Jolly does not rise to the
level of a history and pattern of physical abuse required to trigger the
Section 153.004 prohibition against appointment of joint managing
conservators.  The term Ahistory or pattern@ is not defined in the Texas
Family Code; thus, we will give the terms their ordinary meaning.  Tex. Gov=t Code
Ann. ' 311.011 (Vernon 2002).  Dr. Jolly witnessed one Alooming@ incident in his office and
testified Donna described two pushing incidents and one incident in which
Daniel threatened her.  We cannot say
this constitutes enough credible evidence to prove a history or pattern of past
or present physical abuse.  The trial
court could have reasonably concluded there was not a history or pattern of
past or present physical abuse and therefore it was not bound by the
prohibition found in Section 153.004 from appointing joint managing
conservators.  We conclude the trial
court did not abuse its discretion in appointing appellee
joint managing conservator with the exclusive rights.  Appellant=s last point of error is overruled.                               

Conclusion

We
hold the trial court did not abuse its discretion in appointing appellee joint managing conservator with the exclusive
rights, the trial court=s findings are supported by the
evidence, and the court properly complied with Section 153.004 of the Family
Code.  Accordingly, we affirm the
judgment of the trial court.

 

 

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed December 23, 2003.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.