In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-211 CV


____________________



IN THE INTEREST OF C.S. AND C.S.






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-192,118






 MEMORANDUM OPINION 


 This appeal arises from a suit to modify the conservatorship of two children. In its
order, the trial court gave Richard Spark the right to determine the primary residence of one
child and gave Angela Spark that right for the other child. Angela, who previously
determined the primary residence for both children, appeals. We affirm.

 Richard and Angela Spark divorced in 2003, and the trial court named them as joint
managing conservators of their two children, C.S. (a boy) and C.S. (a girl). In 2004, Richard
petitioned the trial court for modification of the conservatorship established in the decree and
requested that he be granted the sole right to decide the children's primary residence. 

 After a bench trial, the trial court ordered that Angela and Richard would remain joint
managing conservators but changed the terms established in the divorce decree regarding the
children's conservatorship by giving Richard the exclusive right to designate their son's
primary residence. The court's order further provided for the children to spend significant
periods of time together: week-ends, the evenings of Tuesday and Thursday, certain
holidays, spring vacation, and summer vacation. 

 Angela raises three issues in her brief. First, she complains about the sufficiency of
the evidence, stating that it is "insufficient to support a finding that two or more children of
a marriage should not [sic] be separated." Second, she says the trial court abused its
discretion by dividing custody of the children in the absence of clear and compelling reasons. 
Third, she maintains that the trial court abused its discretion by dividing custody of the
children because split custody is not in the children's best interest.

 Richard argues that Angela waived any error asserted in her issues because they are
"nonsensical and do not raise issues that comply with any recognized Standard of Review or
Scope of Review." However, both the rules of appellate procedure and applicable case law
require us to construe briefing rules liberally "in order to obtain a just, fair and equitable
adjudication" of the litigants' rights. Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982); see
Tex. R. App. P. 38.9. (1) Thus, we interpret Angela's issues as alleging that the trial court
abused its discretion in granting Richard the sole right to determine their son's primary
residence and that the evidence is insufficient to support the court's decision.

Clear and Compelling Reasons


 In issue two, Angela asserts that the trial court abused its discretion for failing to state
"clear and compelling" reasons for its decision to split custody of the children. Essentially,
Angela urges us to graft a "clear-and-compelling-reasons" burden of proof onto section
156.101, which establishes the grounds for modifying conservatorship. Tex. Fam. Code
Ann. § 156.101 (Vernon Supp. 2006). We decline to do so.

 As provided by statute, the burden of proof in a suit to modify conservatorship is by
a preponderance of the evidence. See Tex. Fam. Code Ann. § 105.005 (Vernon 2002); In
the Interest of A.D.H., 979 S.W.2d 445, 446 (Tex. App.-Beaumont 1998, no pet.). Section
105.005 states: "Except as otherwise provided by this title, the court's findings shall be
based on a preponderance of the evidence." Tex. Fam. Code Ann. § 105.005. (2) For cases
seeking involuntary termination of the parent-child relationship, the Legislature requires a
heightened burden of proof. Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2006). When
ordering an involuntary termination, the Legislature requires a trial court's findings to be
based on "clear and convincing evidence." Id. However, the Legislature has not added a
heightened standard for modification cases brought under chapter 156. See Tex. Fam. Code
Ann. §§ 156.001-156.410, 105.005 (Vernon 2002 & Supp. 2006).

 In support of her assertion that the trial court was required to find "clear and
compelling" reasons for its decision to split custody of the children, Angela cites Coleman
v. Coleman, 109 S.W.3d 108, 113 (Tex. App.-Austin 2003, no pet.). The Coleman Court
correctly notes that Texas has an express statutory preference for keeping children in a family
together. 109 S.W.3d at 112. Further, Coleman stated that "a long line of jurisprudence in
Texas" supports "a preference that two or more children of a marriage should not be divided
absent clear and compelling reasons." Id. The court stated that the trial court abused its
discretion in ordering the separation of the children without articulating a clear basis for
doing so. Id. at 113.

 However, the Fourteenth Court refused to apply the "clear and compelling reasons"
burden of proof to a split custody issue. See MacDonald v. MacDonald, 821 S.W.2d 458,
463 (Tex. App.-Houston [14th Dist.] 1992, no writ). Instead, the MacDonald court found
that "preponderance of the evidence" was the proper burden of proof. 821 S.W.2d at 463. 
The court also ruled that split custody was one of many factors that a trial court must balance
in determining a child's best interest. Id. at 463. 

 We agree that the proper statutory burden is a preponderance of the evidence. 
Therefore, we decline to apply a "clear and compelling" burden of proof in this case. Issue
two is overruled.

 In issues one and three, Angela claims the trial court abused its discretion in ordering
split custody contrary to the children's best interest and also claims that the evidence is
factually insufficient to support the court's decision. (3)
 We review these two issues together
because the evidence's sufficiency factors into our abuse of discretion analysis in a
modification suit. See In re J.R.D., 169 S.W.3d 740, 743 (Tex. App.-Austin 2005, pet.
denied); Gray v. Gray, 971 S.W.2d 212, 213 (Tex. App.-Beaumont 1998, no pet.).

Abuse of Discretion


 We review a trial court's modification of conservatorship, possession, and access 
under an abuse of discretion standard. See Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex.
1982). While the trial court has wide latitude to determine these issues, the court's primary
consideration is the child's best interest. Tex. Fam. Code Ann. § 153.002 (Vernon 2002);
Lenz v. Lenz, 79 S.W.3d 10, 14 (Tex. 2002); Gillespie, 644 S.W.2d at 451. 

 Because such determinations are "intensely fact driven," no bright-line test can 
determine a child's best interest. Lenz, 79 S.W.3d at 19. However, the trial court, rather than
the reviewing court, is generally in a better position to determine what will be in a child's
best interest because the trial court "faced the parties and their witnesses, observed their
demeanor, and had the opportunity to evaluate the claims made by each parent." In re J.R.D.,
169 S.W.3d 740, 743 (Tex. App.-Austin 2005, pet. denied). Thus, we will reverse a
modification order only if the record as a whole shows that the trial court abused its
discretion. Gillespie, 644 S.W.2d at 451; In re J.R.D., 169 S.W.3d at 742-43. 

 In determining the evidence's factual sufficiency, we review all the evidence and set
aside the findings only if they are so contrary to the overwhelming weight of the evidence
as to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); In re Z.B.P., 109 S.W.3d 772, 776-77 (Tex. App.-Fort Worth 2003, no pet.). 

 Section 156.101 provides the grounds for modification. See Tex. Fam. Code Ann.
§ 156.101. Pertinent to this appeal are the provisions allowing the trial court to modify
conservatorship if the modification is in the child's best interest and the circumstances of the
child, a conservator, or other party affected by the order have materially and substantially
changed since the date of the order's rendition. Id. § 156.101(1)(A). 

 Angela generally challenges the trial court's "best interest" determination. Though
Angela contends the trial court abused its discretion because its split custody determination
is not in the children's best interest, Angela does not specifically challenge any of the trial
court's numerous findings of fact, as is required. Zagorski v. Zagorski, 116 S.W.3d 309, 319
(Tex. App.-Houston [14th Dist.] 2003, pet. denied) (noting that attacks on the evidence's
sufficiency in non-jury trials "must be directed at specific findings of fact, rather than at the
judgment as a whole"). Although we are not required to do so because the trial court's
specific findings are not challenged, we exercise our discretion to independently review the
evidence in the interest of justice. See Tex. R. App. P. 2, 38.9, 44.3. After independently
reviewing all of the evidence, (4)
 we conclude there is sufficient support for the trial court's
findings. 

Findings of Fact


 Among its findings, the trial court determined that:


  C.S., the son, has significant educational and behavioral issues; 
 Richard initiated educational testing for the son with an expert, who 
diagnosed him as having PPD (a form of autism) and Attention Deficit Hyper-Activity Disorder (ADHD), and also diagnosed him as "Learning Disabled." 
 the son repeated third grade at the expert's recommendation and with
Richard's consent, but over Angela's objections and those of her advocate - 
her sister, Karen Haines; 


 

 Richard initiated activities for the son during the summer following his first
third grade year, consistent with recommendations of his occupational
therapist; these activities resulted in significant improvement in the son's self-esteem and other areas, all of which improved his educational achievement; 
 Richard has been consistently involved with his children and their academic
successes and/or problems; 
 regarding input at the elementary school attended by the children, Angela 
abdicated, in writing, that responsibility to her sister, Karen Haines; 
 Angela has been far less involved with her children educationally and has
shown a limited ability to grasp the son's learning problems; and 
 Angela reacted vindictively to the filing of Richard's motion to modify by: (1)
making a false police report, (2) refusing to allow for schedule flexibility so
that the son could participate in Boy Scouts, (3) refusing to allow the son to
attend his sister's birthday party, (4) failing to list Richard as a person to
contact in case of emergency, (5) discontinuing medication prescribed for the
son when initiated by Richard, and (6) refusing to alter schedules for the son
to receive tutoring. 


 In her statement of facts, Angela summarizes portions of the trial testimony, including
testimony favorable to her appeal. However, she never explains how this testimony renders
the trial court's findings, which were based upon the entire trial, factually insufficient. See
Tex. R. App. P. 38.1(h). Moreover, fact-finders decide "the credibility of the witnesses and
the weight to give their testimony. They may choose to believe one witness and disbelieve
another. Reviewing courts cannot impose their own opinions to the contrary." City of Keller
v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005) (footnotes omitted). Here, the trial court, after
hearing the witnesses and observing their demeanor, reasonably could have found some
witnesses to be more credible than others. See id. at 807.

 Thus, we conclude that the trial court's findings are not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Cain,
709 S.W.2d at 176. Further, we hold that the findings support the court's decision that the
son's best interest is served by granting Richard the primary care and control of the son
during the school week to provide more stability, discipline, and individualized attention. 
See Gillespie, 644 S.W.2d at 451. Upon consideration of the entire record, we cannot say the
trial court abused its discretion. Appellant's issues one and three are overruled.

 As we overrule all of Angela Spark's issues, the trial court's judgment is affirmed.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on November 28, 2006

Opinion Delivered March 8, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. While it is certainly permissible for appellate counsel to contend error is waived, 
merits-based arguments also are permissible. In view of the requirement that briefing rules
be liberally construed, merits-based arguments may help ensure that all contentions are
before the court. 
2. Section 105.005 is a part of Family Code, Title 5 ("The Parent-Child Relationship
and the Suit Affecting the Parent-Child Relationship"), which is composed of chapters 101
through 266. As Richard brings his suit under section 156.101 (grounds for modifying
conservatorship), which is part of Title 5, section 105.005 applies. 
3. While Angela does not specify whether she is challenging the evidence's factual or
its legal sufficiency, she seeks a new trial as her remedy. A successful legal sufficiency
challenge generally results in rendition. See Kerr-McGee Corp. v. Helton, 133 S.W.3d 245,
258 (Tex. 2004). Thus, we consider her challenge to be one of factual insufficiency.

4. In their arguments presented on appeal, neither party cites particular record-evidence that supports or undermines the trial court's specific findings. Tex. R. App. P.
38.1(h).