NO. 07-09-0353-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

JULY 26, 2011

______________________________

 

 

MICKIE JO BLOUNT, APPELLANT

 

V.

 

NATHAN BRADLEY BLOUNT, APPELLEE

 

 

_________________________________

 

FROM THE 50TH DISTRICT COURT OF KING COUNTY;

 

NO. 2009-638; HONORABLE WILLIAM "BILL"
HEATLY, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant, Mickie Jo Blount, presents three issues challenging the
Final Decree of Divorce entered by the trial court in her suit against
Appellee, Nathan Bradley Blount. 
Specifically, Appellant maintains (1) the trial court erred in including
objected-to items in the decree which were not plead or tried by consent and
which were not supported by the evidence, specifically a visitation restriction
pertaining to the maternal grandmother, (2) the trial court admitted irrelevant
testimony regarding the character of the maternal grandmother as it relates to
the "best interest" finding, and (3) her right to a fair and
impartial judge was violated by several instances of judicial misconduct.  We affirm.

Background

            Appellant and Appellee
were married in June 2002 and ceased living together as husband and wife on
March 28, 2009.  They are the parents of
two minor children born in 2001 and 2006. 
On April 27, 2009, Appellant filed for divorce in King County.  She plead for joint managing conservatorship
of the children and requested the exclusive right to designate their primary
residence.  Following a hearing and
presentation of evidence in Cottle County, the trial court signed the final
decree of divorce on September 15, 2009, which named Appellant and Appellee as joint
managing conservators with Appellee having the exclusive right to designate the
primary residence of the children. 
Appellant was granted standard visitation and ordered to pay child
support.  Additionally, the trial court
found that it was in the best interest of the children to have contact with the
maternal grandmother only in the presence of Appellant.  As requested by Appellant, the trial court
signed Findings of Fact and Conclusions of Law. 
Appellant filed a Motion for New Trial which was overruled by operation
of law.

I.  Issue One

            By her first issue,[1]
Appellant challenges the trial court's finding of fact that "[i]t is in the best interest of the minor children for all
contact of the maternal grandmother with the minor children be while they are
in the presence of the Petitioner, Mickie Jo
Blount."[2]  Appellant also challenges the trial court's
finding that "[t]he periods of possession comply
with the Standard Possession Order."[3]  She argues that the first finding creates a
deviation from the Standard Possession Order which infringes on her visitation
rights.  By this same multifarious issue,
Appellant further challenges the trial court's award to Appellee as his
separate property, "[a]ll clothing and personal
possessions of the minor children . . . ." 
We disagree with Appellant's contentions.    

A. 
Standard of Review--Standard Possession Order

We give wide latitude to a trial court's determinations on
possession and visitation issues, reversing the court's decision only for abuse
of discretion.  Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982).  A trial court
abuses its discretion when it acts arbitrarily or unreasonably, without
reference to any guiding rules or principles. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990). 
The best interest of a minor child shall always be the primary
consideration of the trial court in determining issues of conservatorship.  Tex. Fam. Code Ann. § 153.002 (West
2008).  The trial court is the sole judge
of the weight and credibility of the evidence. 
Coleman v. Coleman, 109 S.W.3d
108, 111 (Tex.App.--Austin 2003, no pet.).
 The trial court is in a better
position than an appellate court to determine the best interest factor because
the trial court observed the parties and witnesses, noted their demeanor and
had the opportunity to evaluate their claims. 
Stucki v. Stucki,
222 S.W.3d 116, 124 (Tex.App.--Tyler 2006, no pet.).

1.  Analysis

            There is a rebuttable
presumption that the standard possession order (1) provides reasonable minimum
possession of a child for a parent named as a possessory conservator or joint
managing conservator and (2) is in the best interest of a child.  Tex. Fam. Code Ann. §
153.252 (West 2008).  Appellant
asserts that the trial court's restriction on the maternal grandmother's
visitation is a variance from the Standard Possession Order.  Appellee urges that Appellant failed to make
a written and timely request for the trial court to "state in the order
the specific reasons for the variance from the standard order."  See id.
at § 153.258.  See also In the Interest of T.J.S., 71 S.W.3d 452, 458-59
(Tex.App.--Waco 2002, pet. denied).  

Notwithstanding Appellant's contention that the trial court
deviated from the Standard Possession Order and Appellee's argument that
Appellant failed to make a timely request for specific reasons under section
153.258, this Court does not interpret the restriction on the maternal grandmother's
visitation with the minor children as a variance from Appellant's possessory
rights under the Standard Possession Order. 
The restriction does not limit Appellant's periods of possession under
the Standard Possession Order. 
Furthermore, a close examination of the divorce decree reveals that the
paragraph limiting the maternal grandmother's visitation is set apart from, and
prior to, that portion of the decree entitled "Standard Possession
Order."  Appellant does not complain
of any other variances in the Standard Possession Order.  Thus, we conclude section 153.258 does not
apply and find no abuse of discretion by the trial court in the Standard
Possession Order included in the decree.  

Still arguing under issue one, Appellant relies on article
16, section 15 of the Texas Constitution and section 141.010 of the Texas
Property Code[4] to
support her contention that the trial court incorrectly awarded personal property
of the minor children to Appellee without naming him as a custodian.  She complains specifically about paragraph
H-4 in the Division of Marital Estate portion of the divorce decree which
awards Appellee "[a]ll clothing and personal
possessions of the minor children . . . ." 
We disagree.

B. 
Standard of Review-Division of Marital Estate

            A trial court has broad
discretion in dividing the marital estate, and we presume the trial court
exercised its discretion properly.  Murff v. Murff, 615
S.W.2d 696, 698-99 (Tex. 1981).  Section
141.010 is implicated when custodial property is created by (1) securities, (2)
money paid or delivered, (3) ownership of a life or endowment insurance policy
or annuity contract, (4) an irrevocable exercise of a power of appointment or
an irrevocable present right to future payment under a contract, (5) an interest
in real property, (6) a certificate of title, or (7) an interest in property
not described in (1) through (6) that is transferred to an adult other than the
transferor or to a trust company.  Tex.
Prop. Code Ann. § 141.010 (West 2007).  

1. Analysis

            As urged by Appellee,
none of the "clothing and personal possessions" of the minor children
awarded to him fall under the categories creating custodial property listed in
section 141.010.  Because Appellee was
designated joint managing conservator with the exclusive right to designate the
primary residence of the children, the trial court did not abuse its discretion
in awarding him the children's personal possessions.  Issue one is overruled.  

Issue Two

By her second issue, Appellant challenges the following
findings of fact:

1. The periods of possession comply with the Standard
Possession Order.

2. It is in the best interest of the minor children
for all contact of the maternal grandmother with the minor children be while
they are in the presence of the Petitioner, Mickie
Joe Blount.

3. It is in the best interest of the children that
Nathan Bradley Blount . . . shall have the right to establish the primary
residence of the children . . . .

4. That Nathan Bradley Blount receives as his separate
property the following:  

            All
clothing and personal possessions of the minor children . . . .

Although multifarious, Appellant's second issue can be distilled to (1) disagreement
with the trial court's decision to place a restriction on visitation between
the minor children and the maternal grandmother, which she contends was not
plead nor tried by consent, (2) an erroneous and harmful admission of testimony
from Sandra Hatcher, and (3) dissatisfaction with the award to Appellee of the
minor children's personal possessions. 

A. Standard of Review--Findings of Fact

Findings of fact entered in a case tried to the bench have
the same force and dignity as a jury=s verdict upon questions. 
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991); City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395
(Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref=d n.r.e.).  However, the findings are not conclusive when
a complete statement of facts appears in the record if the contrary is
established as a matter of law or if there is no evidence to support the
findings.  Middleton v. Kawasaki Steel
Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ ref=d n.r.e., 699
S.W.2d 199 (Tex. 1985) (per curiam).  

A trial court=s findings of fact are reviewable for
legal and factual sufficiency by the same standards applied in reviewing the
sufficiency of the evidence supporting a jury=s finding.  Anderson,
806 S.W.2d at 794.  In reviewing a legal
sufficiency issue, we consider only the evidence and reasonable inferences
therefrom which, when viewed in their most favorable light, support the court's
findings, disregarding all evidence and inferences to the contrary.  Lewelling
v. Lewelling, 796 S.W.2d 164, 166 (Tex.
1990).  If there is more than a scintilla
of evidence to support the finding, the no evidence challenge must fail.  Id. 


In considering a factual sufficiency
issue, we review all the evidence and reverse only if the challenged finding is
so against the great weight and preponderance of the evidence as to be
manifestly unjust.  Pool v. Ford Motor
Co., 715 S.W.2d 629, 635 (Tex. 1986); In re King's Esate,
150 Tex. 662, 244 S.W.2d 660, 661 (1962). 
We are not to reweigh the evidence and set aside the finding merely
because we feel that a different result is more reasonable.  Pool, 715 S.W.2d at 634.  The trier of fact is the sole judge of the
credibility of the witnesses and the weight given their testimony, Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d
547, 549 (1962), and it may believe one witness and disbelieve another as well
as resolve inconsistencies in testimony. 
McGalliard v. Kuhlmann,
722 S.W.2d 694, 697 (Tex. 1986).  

B. Standard of Review--Evidentiary Rulings

A trial court has broad discretion in
considering testimony and evidence, with regard to what conditions are
detrimental or advantageous to children for the purpose of deciding custody
issues in a divorce proceeding.  Niskar v. Niskar,
136 S.W.3d 749, 753 (Tex.App.--Dallas 2004, no pet.).  A trial court's ruling on the admission of
evidence is reviewed for abuse of discretion. 
In the Interest of J.P.B., 180
S.W.3d 570, 575 (Tex. 2005).  We will not
reverse a trial court for an erroneous evidentiary ruling unless the error
probably caused the rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1).  

1.  Analysis

Initially, we address Appellant's
argument that the trial court's restriction on the maternal grandmother's
visitation was not based on the pleadings nor tried by consent.  After the divorce hearing, counsel for
Appellee requested by letter that the trial court include a restriction in the
decree on the maternal grandmother's visitation with the minor children.  Counsel for Appellant disagreed with the
request and objected to any such provision as being unsupported by the
evidence.  Technical rules of practice
and pleadings are of little importance in determining issues concerning the
custody of children.  Conley v. St. Jacques, 110 S.W.2d 1238,
1242 (Tex.Civ.App.--Amarillo 1937, writ dism'd).  When the parties invoke the jurisdiction of a
court with respect to custody and control of a minor child, that vests the
court with decretal powers in all relevant custody,
control, possession, and visitation matters. 
Dunker v. Dunker, 659 S.W.2d
106, 108 (Tex.App.--Houston [14th Dist.] 1983, no writ).  Courts are given wide
discretion in these type proceedings.  Id. 

Regarding Appellant's challenge to
the trial court's finding that the periods of possession comply with the
Standard Possession Order, we have previously concluded that the finding is not
an infringement of Appellant's possessory rights.  As for the restriction on the maternal
grandmother's visitation with the minor children, the evidence shows that
during their marriage, Appellant and Appellee had an agreement not to expose
their children to Appellant's mother because of the manner in which she had
raised Appellant.  Appellant testified
that she had not had any communication with her mother between Christmas 2005
and May 2009.  

Appellee testified that he had
witnessed Appellant's mother strike her on the mouth.  Sandra Hatcher, a lifelong friend of
Appellant's, testified over relevance objections that Appellant confided in her
about the relationship between Appellant and her mother. When Appellant was in
high school, she decided to live with her father because of physical
altercations with her mother and instances of behavior which could be labeled
as both physical and emotional abuse.[5]  During her testimony, Appellant admitted to not
getting along with her mother but denied any physical or emotional abuse.

Appellant contends the trial court
erroneously admitted Hatcher's testimony over her relevance objections.  We disagree. 
Evidence is relevant if it has a tendency to make the existence of any
fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence.  Tex. R. Evid.
401.  Appellant, a teacher, testified she
had found employment in Petrolia, a suburb of Wichita Falls.  She arranged day care for her daughter, who
was too young for school, and her son would be attending school where she was
teaching.  However, she had no support
system nearby to help with the children or their activities.  Her mother, however, lived approximately
sixty miles away.  We conclude the trial
court did not abuse its discretion in admitting Hatcher's testimony and find
the evidence is legally and factually sufficient to support the trial court's finding
that it is in the best interest of the children to restrict their visitation
with their maternal grandmother to being in Appellant's presence.  

Appellant alleges legal and factual
insufficiency of the evidence to support the trial court's determination that
Appellee be awarded the right to establish the children's primary residence.  We disagree. 
At the conclusion of the evidence, the trial court ruled for Appellee
and announced:

I think the support for those children is so much
greater.  [Appellant], you're moving to a
new town.  You're around strangers.  Your family is 60 miles away.  We've got so much -- this is the hardest decision
I've made as a Judge . . . .  I am always
for the kids.

* * *

So understand upfront that my job . . . requires me to
do what's in the best interest of . . . those children
. . . .

 

The evidence is undisputed that Appellant and Appellee are
both loving and caring parents.  Both of
them are teachers in small schools with exemplary ratings where their children
would attend school.  They both maintain
suitable homes.  However, the trial
court, in its discretion, was persuaded by Appellee's supportive family,
friends, and community.  The proverb
"it takes a village to raise a child," is apparent in the lives of
the children and the community of Paducah. 
Appellee's parents, grandparents, and a couple the children affectionately
refer to as Granny and Gramps, are all very involved in the children's lives
and activities.  We conclude the trial
court's finding is supported by sufficient evidence.  

          Appellant also contests the trial court's
finding awarding Appellee the children's personal possessions.  As previously discussed, because Appellee was
named joint managing conservator with the exclusive right to determine the
children's primary residence, it is logical that he would be awarded their
personal possessions, none of which require him to be appointed as a custodian
under the Texas Property Code.

         Having reviewed the entire record, we conclude
the challenged findings are all supported by more than a scintilla of evidence
and are not so against the great weight and preponderance of the evidence as to
be manifestly unjust.  See Lewelling,
796 S.W.2d at 166. 
See also Pool,
715 S.W.2d at 635.

III. 
Issue Three

            By her third issue, Appellant
maintains that her due process right to a fair and impartial judge was violated
and that the trial judge should have recused himself.  Her argument appears to be based upon four reasons:
(1) the judge "spoke informally to a witness while he was on the stand,"
(2) he allowed inadmissible evidence, (3) he "include[ed]
himself in the local environment to which the children were placed" and
(4) he heard a King County case in Cottle County.   We find
no reversible error.  

            During the presentation of testimony the trial judge
engaged in a verbal exchange with one of the witnesses, Justin Nash, that indicated some degree of familiarity between the
two of them.[6]  A review of the record, however, reveals that
no objection was made to this exchange and no motion to recuse pursuant to Rule
18a of the Texas Rules of Civil Procedure was ever filed.   Furthermore,
no objection to the impartiality of the trial judge or to the propriety of
hearing the case in Cottle County was ever made.  In fact, the record reflects that both Appellant
and her counsel signed a "Waiver of Venue" agreeing to conduct the trial
of this case in Cottle County for the convenience of the trial court.   Because no timely request, objection or
motion was ever made, Appellant has preserved nothing for review.  See
Tex. R. App. P. 33.1(a)(1).  Issue three is overruled.

Conclusion

            The trial court's judgment is affirmed.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 











[1]From
the Issues Presented portion of the brief to the Summary of Argument, and
finally to the Arguments and Authorities section, Appellant strays from her
propositions and this Court strains to discern her contentions.  Additionally, Appellant's issues are
multifarious, her briefing is difficult to decipher, and some of her arguments
are incomprehensible. 

 





[2]Throughout
her analysis under issue one, Appellant mischaracterizes the trial court's
Findings of Fact as Conclusions of Law which, she argues, require reversal
under a de novo standard of
review.  To the contrary, Findings of
Fact have the same force and dignity of a jury's verdict upon questions and are
reviewed the same as a jury's verdict.  Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).

 





[3]A
Standard Possession Order is one that complies with chapter 153, subchapter F
of the Texas Family Code.





[4]Article
16, section 15 describes separate and community property of a husband and wife
while section 141.010 
is entitled "Manner of Creating Custodial Property and
Effecting Transfer; Designation of Initial Custodian; Control."  





[5]Hatcher
testified that Appellant's mother would grab Appellant by the hair and slam her
into walls and tell her she was worthless and useless.  She testified about an incident that
Appellant confided in her that when she was ten or eleven, her mother slammed
her head through a window for not properly cleaning the house.  Her mother then refused to take her to a
doctor for stitches and stitched the wound herself.  Hatcher continued that Appellant's mother
told Appellant, "You've been nothing but trouble for me all your life and
you're not getting me in trouble over this."

 





[6]During
the exchange, witness Nash directly addressed the trial judge by his first
name.  The exchange dealt with the value
of goats in Cottle County.  While the
trial judge could have reminded the witness to maintain the decorum of the
court by avoiding such personal exchanges, nothing about the exchange suggests
to this Court any impropriety by the trial judge.