COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

HUGO G. ACOSTA, §

§     No. 08-11-00340-CV

     Appellant, §

§     Appeal from the

v. §

§     388th Judicial District Court

ANABEL SOTO, §

§     of El Paso County, Texas

     Appellee. §

§     (TC#2009CM699)

§

## **O P I N I O N**

Appellant Hugo Acosta ("Acosta") appeals that part of a final decree of divorce requiring him to attend therapeutic family counseling. He argues that the trial court abused its discretion by ordering family therapy where no evidence exists showing that Acosta had a history of conflict with his spouse in resolving any issue of conservatorship or possession or access to the children. For the reasons that follow, we affirm.

### **BACKGROUND**

At a hearing on August 9, 2011, the trial court entered judgment on the divorce between Acosta and Annabel Soto ("Soto").[1] A signed, final decree of divorce was entered the same day. At the hearing, Soto noted that the divorce decree had been substantially agreed to by the parties save one exception. Visitation was initially contested and Acosta was not permitted to visit his children until such time as he was found not guilty in a pending criminal matter alleging indecency with a child. When Acosta advised the court that the charges had been dismissed, Soto informed

---

[1] Soto is listed as the Appellee in this matter, but did not file a brief.

the court that Acosta had failed to complete the counseling required in an agreed protective order.[2] She also noted that the court had previously denied supervised visitation based on Acosta's failure to comply with the counseling requirement. When asked by the court whether he had complied with the counseling required under the protective order, Acosta stated that he had not. Soto expressed concern with Acosta visiting the children without a therapist present. The court agreed that this was "reasonable," given that Acosta had not seen any of the children for more than two years. The court also found that the presence of a therapist would be in the children's best interest.

As part of the decree, the trial court ordered Acosta to attend therapeutic family counseling for a period of six months. This was a condition related to his supervised visitation with the children. Acosta would be permitted to petition the court for unsupervised visitation after six months. Acosta filed a motion for new trial, which was overruled by operation of law, and he timely appealed.

## DISCUSSION

Acosta asserts that the trial court abused its discretion by entering the order requiring therapeutic visitation. He argues that there is no evidence in the record to support such a requirement.

In matters of conservatorship, the public policy of the State of Texas is to assure continuing contact between children and parents who have established the ability to act in their child's best interest, and are able to provide a safe, stable, and nonviolent environment for the child. TEX.FAM.CODE ANN. § 153.001 (West 2008). Parents are encouraged to share in their child's development after separation or divorce. *Id.* When determining issues related to

---

[2] The agreed protective order was on behalf of Soto and her daughter.

2

conservatorship or possession of and access to the child, the best interest of the child is the primary consideration. TEX.FAM.CODE ANN. § 153.002. *See In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003); *In re Marriage of Swim*, 291 S.W.3d 500, 505 (Tex.App.--Amarillo 2009, no pet.)(noting same). The Texas Family Code provides that a court may order a party to attend counseling with a mental health professional "[i]f the court finds at the time of a hearing that the parties have a history of conflict in resolving an issue of conservatorship or possession of or access to the child . . . ." TEX.FAM.CODE ANN. § 153.010(a). *See Brook v. Brook*, 865 S.W.2d 166, 174 (Tex.App.--Corpus Christi 1993), *aff'd*, 881 S.W.2d 297 (Tex. 1994).

Trial courts have "wide discretion in determining the best interest of a child in family law matters such as custody, visitation, and possession." *Burney v. Burney*, 225 S.W.3d 208, 212 (Tex.App.--El Paso 2006, no pet.). The trial court "is in a better position to determine what will be in the best interest of the children since it faced the parties and their witnesses, observed their demeanor, and had the opportunity to evaluate the claims made by each parent." *Coleman v. Coleman*, 109 S.W.3d 108, 111 (Tex.App.--Austin 2003, no pet.). We review a trial court's rulings on conservatorship and visitation under an abuse of discretion standard. *Newberry v. Newberry*, 351 S.W.3d 552, 558 (Tex.App.--El Paso 2011, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without reference to any guiding rules and principles. *Garcia v. Garcia*, 170 S.W.3d 644, 649 (Tex.App.--El Paso 2005, no pet.); *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *See In re Gonzalez*, 993 S.W.2d 147, 155 (Tex.App.--San Antonio 1999, no pet.); *D.R. v. J.A.R.,* 894 S.W.2d 91, 95 (Tex.App.--Fort Worth 1995, writ

denied).

In the instant case, Acosta acknowledged that he failed to comply with previous court-ordered counseling stemming from a protective order involving Acosta's step-daughter. Acosta had also been charged with indecency with a child (his step-daughter), and while the charges were ultimately dismissed, the trial court and Acosta both recognized that the event was traumatic for the children. Soto requested that the initial visitation with the children be conducted through a therapist and the trial court agreed that such a requirement would be in the children's best interest.

Having reviewed the record, we perceive no abuse of discretion. The trial court's order of therapeutic visitation for a period of six months, especially in light of the allegations of abuse, the protective order, Acosta's failure to comply with prior counseling requirements, and Acosta's own acknowledgement that the experience had been traumatic for the children, all support the trial court's decision. Acosta's sole issue is overruled.

## CONCLUSION

Having overruled Acosta's sole issue, the judgment of the trial court is affirmed.


December 19, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

4